

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-22-2006

# USA v. Jimenez-Cohenete

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4473

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Jimenez-Cohenete" (2006). *2006 Decisions.* Paper 161.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/161

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4473
_____

UNITED STATES OF AMERICA

v.

VICTOR JIMENEZ-COHENETE,
a/k/a Hermes Crisostomo

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cr-00098)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
September 25, 2006

Before: RENDELL, CHAGARES and ROTH, Circuit Judges.

(Filed November 22, 2006)

_____

OPINION OF THE COURT
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

On February 26, 2004, Victor Jimenez-Cohenete was charged with violating 8 U.S.C. § 1326(a) and (b)(2) (reentry by an alien after deportation). Attached to the indictment was a notice of prior conviction of three counts of felony aggravated assault, which are aggravated felonies as that term is defined and used in 8 U.S.C. §§ 1101(a)(43) and 1326(b)(2). Jimenez-Cohenete pleaded guilty before the District Court. On August 6, 2004, Jimenez-Cohenete was sentenced by the District Court to 46 months incarceration, three years supervised release, and a special assessment of $100. On appeal, this Court vacated the sentence and remanded for resentencing under <u>United States v. Booker</u>, 543 U.S. 220 (2005). On September 13, 2006, the District Court held a resentencing hearing and imposed the same sentence as before.

Section 1326(b)(2) increases the authorized prison sentence from a maximum of two years to a maximum of twenty years if the person's deportation followed conviction for an aggravated felony. Jimenez-Cohenete argues that, because his prior felony convictions increased the statutory maximum penalty for his reentry offense, those offenses should have been charged in the indictment and proven to a jury beyond a reasonable doubt. He contends that the Government's failure to do so violated the Fifth and Sixth Amendments. Put another way, Jimenez-Cohenete challenges the vitality of <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 226 (1998) (holding that facts regarding prior convictions need not be charged in an indictment, nor proven to a jury

2

beyond a reasonable doubt), in light of subsequent Supreme Court decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Booker.

Jimenez-Cohenete's challenge, as he acknowledges, is precluded by United States v. Ordaz, 398 F.3d 236 (3d Cir. 2005). In Ordaz, we recognized the "tension between the spirit of Blakely and Booker that all facts that increase the sentence should be found by a jury and the Court's decision in Almendarez-Torres." Id. at 241. Nonetheless, bound by Almendarez-Torres, we held that a District Court's determination regarding the fact of a defendant's prior conviction did not violate the Fifth and Sixth Amendments. See id.

Jimenez-Cohenete suggests that the Supreme Court's decision in Shepard v. United States, 544 U.S. 13, 25-26 (2005) (holding that a sentencing court, in determining whether a burglary was a "violent felony" that resulted in an enhanced statutory minimum, had to rely on charging documents, elements of offenses, plea colloquies, and express findings by the trial judge, and could not look to police reports or complaint applications), decided two weeks after Ordaz, supports limiting Almendarez-Torres. This argument, too, is precluded by a prior decision of this Court. See United States v. Coleman, 451 F.3d 154, 160 (3d. Cir. 2006) (holding that Shepard did not affect the continuing validity of Almendarez-Torres).

Almandarez-Torres is the law of the land until the United States Supreme Court holds otherwise. Ordaz, 398 F.3d at 241. Accordingly, we will affirm the judgment of the District Court.